UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION (AFL-CIO) PENSION FUND, | * * * | |
| Plaintiff, | * | Civil Action No. WDQ 09-109 |
| v. | * | |
| PAUL S. PETERS, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This report and recommendation addresses Defendant Gregory D. Miller's ("Defendant") First Motion to Modify/Vacate Confessed Judgment and Request for Hearing, Paper No. 11, Plaintiff's Motion to Strike Defendant's Letter Motion for Failure to Comply with Fed. R. Civ. P. 7(b)(1)(B), Paper No. 12, Defendant Miller's Second Letter Motion to Modify/Vacate Confessed Judgment, Paper No. 14, and Plaintiff's Opposition to Defendant's Amended Motion and Motion to Strike, Paper No. 15. For the reasons stated herein, I recommend that the Defendant's First and Second Letter Motions be DENIED.

On May 14, 2009, the Clerk of the U.S. District Court for the District of Maryland entered a Judgment by Confession against Defendants Paul S. Peters, Brian Armentrout, and Gregory Miller. *See* Paper No. 9. On May 30, 2009, the Defendant was served with the copy of the Order for Entry of Judgment by Confession. Pl.'s Mot. ¶ 3.

On June 9, 2009, Defendant Miller filed a Letter Motion requesting the Judgment by Confession be vacated or modified, and requested a hearing. Def.'s Letter Mot. 1. The signed letter stated "I, Gregory Miller, am filing a motion to modify/vacate said judgment referenced by Case Number WDQ-09-0109. I respectfully request a hearing on this matter at your earliest convenience. You may contact me at: (443) 498-3917 if you have any further questions." *Id.* The Defendant's Letter Motion did not contain a Certificate of Service. *Id.* On June 10, 2009, the Defendant was contacted by the Clerk's Office and notified to attach a Certificate of Service when filing documents with the Court.

On June 22, 2009, the Plaintiff filed its Motion to Strike the Defendant's Letter Motion, arguing that the Letter Motion failed to comply with Fed R. Civ. P. 7. Pl.'s Mot. ¶ 1.

On June 29, 2009, the Defendant filed a second, unsigned Letter Motion requesting the Judgment by Confession be vacated or modified, and also requested a hearing. Def.'s Sec. Mot. 1. In his Second Letter Motion, the Defendant alleges: (1) the Defendant's debt liability is only to the WGA/STA Pension Plan, which merged, and therefore no longer exists; (2) the Defendant has lost his employment and is unable to make the requisite payments; (3) when the Defendant finds new employment, he will be unable to pay more than $150.00 per month and has contacted the Plaintiff to discuss the matter. The Defendant also questions: (1) why the judgment is $8,500.00 more than the original amount he received; and (2) why "[Defendant Peters]" [only] received a judgment of [$236,000.00] dollars, which is less than half of the amount that he receieved." *Id.*

On July 27, 2009, the Plaintiff filed its Opposition to the Defendant's Second Letter Motion. The Plaintiff alleges it received electronic notice of the Defendant's Second Letter Motion on July 14, 2009. Pl.'s Opp'n ¶ 6. The Plaintiff further argues that the Defendant's Second Letter Motion failed to comply with Fed. R. Civ. P. 15, for the Defendant did not obtain consent to amend his First Letter Motion from the Plaintiff or the Court. *Id.* ¶ 8. The Plaintiff further argues the Defendant's Second Letter Motion should be stricken because it fails to comply with Fed. R. Civ. P. 11(a), as it was not signed by the Defendant. *Id.* ¶ 7. Finally, the Plaintiff contends that the Defendant's Second Letter Motion fails to meet the legal standard to modify or vacate a Judgment by Confession. *Id.* ¶¶ 7-19.

First, with respect to the Defendant's First Letter Motion, the Plaintiff provides no authority to justify striking the First Letter Motion from the record through Fed. R. Civ. P. 7. Second, with respect to the Defendant's Second Letter Motion, Fed. R. Civ. P. 11(a) states:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — *or by a party personally if the party is unrepresented*. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court *must strike* an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added). The Defendant received notice of the deficiency in his filing through the Plaintiff's Second Motion in Opposition, *see* Pl.'s Sec. Opp'n 3 ("Defendant Miller's Amended Letter Motion was not signed and should be stricken."), and the Court has not received a corrected filing. However, "documents should be struck [under Fed. R. Civ. P. 11(a)] where the failure to sign severely prejudiced the opposing party." *Kovilic Const. Co., Inc. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir. 1997). In this instance, the Plaintiff has not shown that it has been "severely prejudiced" by the Defendant's failure to sign the Second Letter Motion. Thus, I recommend that the Defendant's Letter Motions not be stricken from the record for failure to comply with Fed. R. Civ. P. 7 or Fed. R. Civ. P. 11(a).[1]

---

[1] The Plaintiff also argues the Defendant's Second Letter Motion should be stricken for noncompliance with Fed. R. Civ. P. 15. I disagree. Fed. R. Civ. P. 15 applies to amending pleadings, rather than motions.

The Plaintiff argues that the Defendant's First Letter Motion and Second Letter Motion fail to meet the standard to vacate a Judgment by Confession. In the U.S. District Court for the District of Maryland, Local Rule 108.1(d) states:

> Application to vacate, open, or modify the judgment must be made by motion within thirty days after service of the notice; or such other time as may be required by statue or rule. The motion shall be made on the grounds that the defendant has a *meritorious defense* to the cause of action. *It shall set forth fully the facts relied on for such defense.* A copy of the motion shall be served on the plaintiff or his attorney. If no application is made within the time allowed, the judgment shall be final.

D. Md. Local Rule 108.1(d) (emphasis added). Upon a defendant's application to vacate, open, or modify, the Court will review the motion for "*substantial and sufficient grounds* for an actual controversy as to the merits of the case." D. Md. Local Rule 108.1(e) (emphasis added). The judgment by confession shall be vacated, opened, or modified, thereby affording the defendant the ability to file a pleading and seek a trial, upon a finding of "substantial and sufficient" evidence of an actual controversy. *Id.* If the motion does not raise "a genuine issue of material fact sufficient to constitute a meritorious defense to the confessed judgment," the judgment shall stand. *Signet Bank v. Wellington*, No. 92-1002, 1992 WL 157429, at *1 (4th Cir. 1992). The "mere assertion of a defense is insufficient to satisfy the burden of proof necessary to vacate a confessed judgment." *Atlantic Leasing & Financial, Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 194 (4th Cir. 1989) (noting "bald assertions are simply inadequate" to establish meritorious defense).

With regard to the Defendant's First Letter Motion, the Defendant provides no grounds for amending or vacating the Judgment by Confession. Thus, I recommend that the Defendant's First Letter Motion be DENIED. The Defendant's Second Letter Motion, though more detailed, also fails to provide any substantial or sufficient grounds for an actual controversy to vacate the Judgment by Confession. The Defendant's contention that he cannot be held liable to a fund that no longer exists does not address the Plaintiff's claim that the Defendant has defaulted on the terms of his repayment. Similarly, neither the Defendant's unemployment status nor his claim that he informed Plaintiff's counsel via voicemail about his inability to meet his obligations establishes grounds for a meritorious defense. Additionally, the value of the Judgment by Confession against Defendant Peters is not relevant to the Judgment by Confession against the Defendant.

For the foregoing reasons, the Defendant's First and Second Letter Motions fail to meet the requirements of Local Rule 108.1(d)-(e), and I recommend that it be DENIED.

In conclusion, I recommend, after the period of time has elapsed for the parties to file objections to this Report and Recommendation, that Judge Quarles deny the Defendant's motions, and that a final judgment be entered against the Defendant.

Dated: September 2, 2009 _____/S/_____
                                                              Paul W. Grimm
                                                      United States Magistrate Judge

mvz